UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELLIS F. DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:07-CV-0470 PS |
| ) | |
| INDIANA FAMILY AND SOCIAL ) | |
| SERVICES ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Pro se Plaintiff Ellis Dean filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the Indiana Family and Social Services Administration violated his federally protected rights in dealing with his request for assistance. He also seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A claim may be dismissed for failure to state a claim "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001.

Mr. Dean brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has

been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Dean names the Indiana Family and Social Services Administration, an agency of the state of Indiana, as the defendant. But damage claims against states in federal court are barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "suits against a State by its own citizens, as well as by citizens of another state." *Nelson v. La Crose County Dist. Atty (State of Wisconsin)*, 301 F.3d 820, 827 (7th Cir. 2002). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Family and Social Services Administration as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

Although Mr. Dean does not specifically request injunctive relief, his complaint suggests that he believes the Indiana Family and Social Services Administration improperly interpreted state law on the question of whether past criminal convictions should have prevented him from obtaining food assistance. But the Eleventh Amendment precludes this court from entertaining any request by Mr. Dean that it require state officials to conform their conduct to a state law. A federal court lacks jurisdiction to enjoin state officials to follow state law.  "A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state

2

sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (DE 2), and **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

**SO ORDERED**.

ENTERED: October 23, 2007                    /s Philip P. Simon
                                             Philip P. Simon, Judge
                                             United States District Court